**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THEADORE THOMPSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 24 C 338 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| GRAND PRAIRIE SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons set forth in the Statement below, the defendant's partial motion to dismiss is denied. The defendant is instructed to file an answer responding to Counts III, V, and VI by July 14, 2026.

## STATEMENT

Plaintiff Theadore Thompson, Jr. is a licensed social worker. He began working for defendant Grand Prairie Services (GPS), a behavioral healthcare provider, in November 2017. In December 2021, he was diagnosed with prostate cancer. On January 24, 2022, Thompson informed his supervisor that he intended to continue working through his cancer treatment. He explained that he would schedule all medical appointments outside of work hours as not to conflict with any of his professional responsibilities. Two days later, his supervisor informed Thompson that GPS was terminating his employment. According to Thompson, she did not provide any performance-based explanation for the termination; she merely stated that GPS "was going in another direction."

Thompson alleges that his termination violated the Americans with Disabilities Act (ADA) (Counts I and II), the Family Medical Leave Act (FMLA) (Count III), and the Illinois Human Rights Act (IHRA) (Count IV). He also alleges intentional infliction of emotional distress (IIED) or, in the alternative, negligent infliction of emotional distress (NEID) (Counts V and VI). GPS seeks to dismiss Counts III, V, and VI.

Before proceeding further, it is important to note that Thompson's six "counts" are not separate claims, but separate legal theories. A "claim is the aggregate of operative facts which give rise to a right enforceable in the courts." *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 399 (7th Cir. 2012) (quotation omitted). "Counts" are the authorized device for asserting distinct claims—that is, claims "founded on a separate transaction or occurrence," *see* Fed. R. Civ. P. 10(b)—but as here, are often (and erroneously) employed to assert different legal theories in support of a

claim.[1] A "complaint need not identify a legal theory, and specifying an incorrect theory is not fatal," *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir. 1992), but no matter how many legal theories a plaintiff may assert, they constitute a single "claim" to the extent they are premised on the same facts. "[D]ifferent legal theories . . . do not multiply the number of claims for relief." *NAACP v. Am. Fam. Mut. Ins. Co.,* 978 F.2d 287, 292 (7th Cir. 1992); *see also id.* ("One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate."). In this case, Thompson asserts a single claim premised on a core set of facts: his cancer diagnosis and subsequent termination. He presents six legal theories under which he argues that he is entitled to relief.

The distinction between claims and legal theories is relevant because Rule 12(b)(6) permits only the dismissal of claims, not legal theories. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). To the extent that any viable legal theory exists to support a claim, that claim will survive a motion to dismiss. *See Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012); *Croixland Props. Ltd. v. Corcoran*, 174 F.3d 213, 218 (D.C. Cir. 1999) ("[I]f one of the theories can survive a Rule 12(b)(6) motion, the district court cannot dismiss the complaint."); *Churchwick Partners, LLC v. Seal Keystone, LLC*, No. 22 C 2251, 2023 WL 2973801, at *2 (S.D. Ind. Apr. 17, 2023) ("A Rule 12(b)(6) motion cannot be used to dismiss individual legal theories advanced in support of a claim, so long as at least one theory, implicit or explicit, remains."). The time for identifying and testing the viability of legal theories comes after pleading and responding to the complaint, during discovery and the summary judgment process. *ACF 2006 Corp. v. Mark C. Ladendorf, Att'y at L.*, *P.C.*, 826 F.3d 976, 981 (7th Cir. 2016); *BBL,* 809 F.3d at 325 ("Summary judgment is different. The Federal Rules of Civil Procedure explicitly allow for '[p]artial [s]ummary [j]udgment' and require parties to 'identif[y] each claim or defense—*or the part of each claim or defense*—on which summary judgment is sought.'") (alterations in original) (quoting Fed. R. Civ. P. 56(a)).

"What this all means is that when two theories based on the same facts—and part of a single claim for relief—are presented in a complaint, and a defendant only challenges the sufficiency of the complaint as to one of the theories, the claim cannot be dismissed." *Winstead v. Lafayette Cnty. Bd. of Cnty. Comm'rs*, 197 F. Supp. 3d 1334, 1341 (N.D. Fla. 2016). "And the challenged *theory* can't be dismissed, either, because dismissal of theories (as opposed to claims) is inappropriate at the motion to dismiss stage." *Id.*

So here, where the plaintiff has asserted six legal theories in support of a claim, and the defendant has challenged only three, the motion to dismiss must be denied.

---

[1] Though a common practice, setting forth legal theories in separate counts is inconsistent with the federal pleading rules. As Judge Shadur explained in *Bonestroo, Rosene, Anderlik & Associates v. Devery*, "the use of separate counts to set out different theories of recovery is a mistaken manifestation of the state law 'cause of action' approach, rather than the federal concept of 'claim for relief.'" No. 05 C 2184, 2006 WL 1005284, at *11 (N.D. Ill. Apr. 12, 2006) (citing *NAACP v. Am. Fam. Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1991)).

Date: June 30, 2026

John J. Tharp, Jr.
United States District Judge

3